

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CASE NO. 1:09-CR-119(1)** |
| | § | |
| **ADAM PRICE** | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Adam Price, violated conditions of supervised release imposed by United States District Judge Marcia A. Crone of the Eastern District of Texas. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #70) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on February 20, 2019, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

1

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a.  That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.  That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that her plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

**A. Procedural History**

On April 20, 2010, The Honorable Marcia A. Crone sentenced the defendant after he pled guilty to the offense of Felon in Possession of a Firearm.  Judge Crone sentenced Mr. Price to 96 months imprisonment, followed by 3 years supervised release, subject to the standard conditions of release plus special conditions to include financial disclosure, gambling and intoxicant prohibition, drug aftercare, mental health aftercare, and a $100 special assessment.  On October 7, 2016,, Adam Price completed his period of imprisonment and began service of the initial supervision term.

On March 30, 2017, a Petition for Warrant for Offender Under Supervision was filed; however, the Court denied the petition as moot on July 7, 2017, after Mr. Price agreed to participate in community confinement.  On July 19, 2017, the Court granted another Petition and

ultimately revoked Mr. Price's supervised release on November 15, 2017. Mr. Price was sentenced to 6 months confinement followed by 30 months supervised release. On January 12, 2018, the defendant completed his period of imprisonment and began service of the instant supervision term.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated the following mandatory condition of release:

*You must refrain from any unlawful use of a controlled substance.*

Specifically, the petition alleges that on February 26, March 3, and October 24 of 2018 and January 15, 2019, Mr. Price submitted urine specimens which tested positive for various controlled substances, including cocaine, opiates, and methamphetamine. The Petition also states that Mr. Price signed admission forms and/or verbally admitted to the alleged drug use related to the urine specimens submitted on February 26, 2018, October 24, 2018, and January 15, 2019.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegations in the petition to revoke. Specifically, if the matter proceeded to a final contested hearing, the Government would present evidence showing that the defendant submitted urine specimens on the dates specified in the Petition which yielded positive tests for controlled substances as alleged. The Government would further establish that laboratory tests support these allegations and Mr. Price admitted to the drug use in connection with the positive test results as stated in detail in the petition.

Defendant, Adam Price, offered a plea of true to the allegations. Specifically, he agreed

with the evidence summarized above and pled true to the allegation that he used controlled substances in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by using controlled substances. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of VI and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 8 to 14 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class A felony, the statutory maximum imprisonment term upon revocation is five (5) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation.

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

*United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant committed a Grade C violation of his supervision conditions by using controlled substances. Defendant pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant, Adam Price, to serve a term of **thirteen (13) months imprisonment**, with no further term of supervision.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely

by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 21st day of February, 2019.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE